[No. B004316. Second Dist., Div. Seven. Jan. 24, 1985.]

LOS ANGELES POLICE PROTECTIVE LEAGUE,
Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

1142

1144

**COUNSEL**

Loew & Marr and Robert J. Loew for Plaintiff and Appellant.

Ira Reiner, City Attorney, Frederick N. Merkin, Senior Assistant City Attorney, Molly Roff and Pamela Victorine, Deputy City Attorneys, for Defendants and Respondents.

**OPINION**

**LILLIE, P. J.**—Plaintiff, Los Angeles Police Protective League, appeals from an order denying its petition to compel arbitration[1] (Code Civ. Proc., § 1281.2) of a grievance arising from the suspension of a police officer.

---

[1]After filing its petition plaintiff moved for an order to compel arbitration. The trial court denied the motion, but apparently took no action on the petition. Code of Civil Procedure section 1294 provides in pertinent part: "An aggrieved party may appeal from: . . . [¶] (a) An order . . . denying a petition to compel arbitration." An order denying a *motion* to compel arbitration is not made appealable. However, inasmuch as plaintiff's motion sought the same relief as that requested in the petition, we deem the order denying the motion as tantamount to a denial of the petition, and hence appealable.

The verified petition alleged: Plaintiff is the duly authorized and recognized bargaining agent for sworn police officers below the rank of lieutenant employed by defendant City of Los Angeles.[2] Henry Quan is a sworn member of the city's police department and a member of plaintiff league. Officer Quan was charged with having failed to take appropriate action when commission of a felony was brought to his attention while he was taking an authorized dinner break from his duties as police officer. Quan was found guilty of the charge by a Los Angeles Police Department board of rights and was suspended from his position for a period of 10 days. Pursuant to a memorandum of understanding adopted by plaintiff and the city, Quan filed a grievance claiming that the discipline was imposed "in violation of contract, [police] department rules and regulations, city ordinances, and other terms and conditions of employment." The city's employment relations ordinance requires arbitration of all grievances not resolved in the grievance procedure and defines a grievance as "any dispute concerning the interpretation or application of a written memorandum of understanding or of departmental rules and regulations governing personnel practices or working conditions." Quan attempted to secure defendant's participation in the grievance procedure, the final step of which is arbitration. (Memorandum of understanding, art. 11, § C.) Defendant did not recognize Quan's complaint as a grievance. The grievance being unresolved, Quan (through plaintiff, his bargaining representative) asked defendant to cooperate in the selection of an arbitrator; defendant refused to do so. The petition sought an order requiring defendant to select an arbitrator, and an award of attorney fees (Code Civ. Proc., § 1021.5; Gov. Code, § 800).

The trial court denied the petition on the ground that section B, subdivision 1, of article 11 of the memorandum of understanding makes the grievance procedure inapplicable to matters for which an administrative remedy is provided by the board of rights procedure set forth in section 202 of the Los Angeles City Charter. The court added that insofar as Quan claimed the discipline imposed was in violation of police department rules and regulations, "relief should be available" through a petition for writ of mandate (Code Civ. Proc., § 1094.5). Such a petition was filed by Quan prior to plaintiff's filing of the instant petition to compel arbitration.

## APPLICABILITY OF GRIEVANCE PROCEDURE

■ Section B, article 11 of the memorandum of understanding provides in pertinent part: "1. Nothing in this grievance procedure shall be construed

---

[2]In addition to the city, the petition named as defendants the city's police department, its board of police commissioners and its chief of police. For purposes of this appeal, we treat the city as the sole defendant.

to apply to matters for which an administrative remedy is provided before the Civil Service Commission or a Police Department Board of Rights as prescribed in the Los Angeles City Charter Section 202." ██ ██ ██ ██
██ In reversing an order denying petition to compel arbitration, this court (Div. One) recently determined that a similar provision in a memorandum of understanding governing the rights of Los Angeles Fire Department employees does not preclude initiation of a grievance procedure regarding suspension or dismissal subject to board of rights review proceedings under the city charter. (*United Firefighters* v. *City of Los Angeles* (1984) 153 Cal.App.3d 383 [200 Cal.Rptr. 233]; hg. den.)[3]

██ In *United Firefighters* the memorandum of understanding included the following provision: "Nothing in this grievance procedure shall be construed to apply to matters for which a remedy is provided by provisions of Section 135 [board of rights review for fire department employees] of the City Charter." The court stated that a memorandum of understanding may not be interpreted in isolation from the ordinance which sets forth what the memorandum must contain. The memorandum of understanding was undertaken pursuant to the Employee Relations Ordinance (L.A. City Admin. Code, div. 4, ch. 8, § 4.800 et seq.) which requires that a grievance procedure be incorporated into any memorandum of understanding and provides that such procedure "shall apply to *all* grievances." (*Id.*, § 4.865, subd. a; italics added.) Interpretation of the memorandum of understanding to exclude from the grievance procedure all suspensions or dismissals that are subject to the review proceedings in the city charter would conflict with the ordinance by creating a special category of grievances for which arbitration is not available. A city's memorandum of understanding must be harmonized with its ordinances and charter provisions in order to be valid. Such harmonization can be achieved by interpreting the memorandum of understanding to require completion of the board of rights review prior to initiation of the grievance procedure set forth in the memorandum. "By interpreting the memorandum of understanding to require completion of the board of rights review prior to initiation of arbitration, we not only harmonize the memorandum with the charter and ordinance, but we also recognize the strong public policy favoring arbitration. Arbitration is a means of resolving labor disputes quickly and inexpensively while easing the bur-

---

[3]Although that decision became final after plaintiff's petition to compel arbitration was denied, it is applicable on this appeal. A proceeding to compel arbitration is in essence a suit in equity to compel specific performance of a contract. (*La Pietra* v. *Freed* (1978) 87 Cal.App.3d 1025, 1030 [151 Cal.Rptr. 554].) "It is settled law that the rights of the parties in an action in equity will be determined on the basis of the law as it exists at the time of the determination, rather than at the time the complaint was filed, and this rule applies to judgments on appeal as well as to judgments in the trial court." (*City of Whittier* v. *Walnut Properties, Inc.* (1983) 149 Cal.App.3d 633, 640 [197 Cal.Rptr. 127].)

dens on the courts. (*Taylor* v. *Crane, supra*, [1979] 24 Cal.3d [442] at p. 452 [155 Cal.Rptr. 695, 595 P.2d 129].) Arbitration of this dispute is strongly favored over the alternative, a petition for writ of mandate filed in superior court pursuant to Code of Civil Procedure section 1094.5. '[W]here a city charter or ordinance may be construed to authorize grievance arbitration of broad scope, that construction is preferred.' (*Taylor* v. *Crane, supra*, 24 Cal.3d at p. 452.) [¶] We hold that the memorandum of understanding between the parties requires employees whose grievance involves a suspension or dismissal to exhaust the board of rights review provisions of Los Angeles City Charter, article X, section 135, prior to initiating the grievance procedure."[4] (*United Firefighters* v. *City of Los Angeles, supra*, 153 Cal.App.3d 383, 389-390.)

■ As defendant points out, we are not bound by the holding in the *United Firefighters* case inasmuch as one district or division may decline to follow a prior decision of a different district or division. (*McGlothlen* v. *Department of Motor Vehicles* (1977) 71 Cal.App.3d 1005, 1017 [140 Cal.Rptr. 168]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 667, p. 4580.) ■ However, the reasoning and conclusions expressed in that opinion are sound and we therefore follow them.

Defendant argues that *United Firefighters* is distinguishable from the present case, and hence not dispositive of Quan's right to compel arbitration, because in that case the trial court's determination that suspension of the fire department employee was outside the scope of the memorandum of understanding was not based upon extrinsic evidence and constituted a conclusion of law, leaving the appellate court free to make its own independent interpretation of the terms of the memorandum. (*United Firefighters* v. *City of Los Angeles, supra*, 153 Cal.App.3d at p. 386.) Unlike that situation, defendant argues, here declarations in opposition to the petition were submitted which set forth the bargaining history of the memorandum of understanding showing that the parties thereto agreed not to alter the language of section B, subdivision 1, which excludes from the grievance procedure matters for which a remedy is provided by board of rights review pursuant to the city charter; the trial court interpreted the memorandum in accord with the parties' intention as disclosed by the extrinsic evidence and this court is bound by such interpretation. We first note that, contrary to defendant's contention, the declarations did not show any agreement on this issue by the parties to the memorandum of understanding. Rather, it appears that

---

[4]While the petition herein does not allege that Quan exhausted the administrative remedy provided by section 202 of the city charter, defendant conceded in the trial court that Quan exhausted such remedy before attempting to initiate grievance proceedings.

plaintiff proposed that matters of discipline subject to board of rights review expressly be made grievable (and hence arbitrable); management did not agree to plaintiff's proposal. "[A]ll modern California decisions treat labor-management agreements whether in public employment or private as enforceable contracts (see Lab. Code, § 1126) which should be interpreted to execute the *mutual* intent and purpose of the parties." (*Glendale City Employees' Assn., Inc.* v. *City of Glendale* (1975) 15 Cal.3d 328, 339 [124 Cal.Rptr. 513, 540 P.2d 609]; italics added; fns. omitted.)

In any event defendant's attempt to distinguish this case procedurally from the *United Firefighters* case fails because the declarations submitted by defendant were uncontradicted.  ■  It is solely a judicial function to interpret a written instrument unless the interpretation turns upon the credibility of extrinsic evidence. (*Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839].) Accordingly, "[e]ven where extrinsic evidence in aid of interpretation was offered in the trial court, the appellate court is not bound by the trial court's [interpretation] if the extrinsic evidence is not in conflict, is not substantial, or is inconsistent with the only interpretation to which the instrument is reasonably susceptible. [Citations.]" (*Pasadena Police Officers Assn.* v. *City of Pasadena* (1983) 147 Cal.App.3d 695, 707 [195 Cal.Rptr. 339].)  ■  The parties' purported agreement to exclude a grievance of this nature from the grievance procedure contained in the memorandum of understanding is of no significance in light of the analysis set forth in *United Firefighters*. Such an agreement is inconsistent with both the public policy favoring arbitration and the basic requirement of the employee relations ordinance that a memorandum of understanding provide for resolution of all grievances. Following *United Firefighters,* we interpret the memorandum of understanding to encompass within its grievance procedure (including arbitration) Quan's disciplinary complaint as to which he has exhausted the board of rights review provisions of section 202 of the city charter.

AVAILABILITY OF ALTERNATIVE REMEDY

■  Nor can the order denying the petition to compel arbitration be upheld on the ground that "relief should be available" to Quan on his petition for writ of mandate (Code Civ. Proc., § 1094.5) challenging the suspension which is the subject of his grievance. "Arbitration of this dispute is strongly favored over the alternative, a petition for writ of mandate filed in superior court pursuant to Code of Civil Procedure section 1094.5." (*United Firefighters* v. *City of Los Angeles, supra,* 153 Cal.App.3d 383, 389.) In *United*

*Firefighters* it does not appear that administrative mandamus proceedings were instituted prior to the filing of the petition to compel arbitration. That distinction, however, is not a valid basis for refusing to order arbitration in the present case. Code of Civil Procedure section 1281.4 provides for stay of judicial proceedings pending arbitration.[5] One of the purposes of that statute is to promote the expeditious and efficient settlement of disputes and eliminate multiplicity of actions. (*Marcus* v. *Superior Court* (1977) 75 Cal.App.3d 204, 211 [141 Cal.Rptr. 890].) Upon entry herein of an order to arbitrate the controversy any party to the administrative mandamus proceedings, whether or not a party to the arbitration agreement contained in the memorandum of understanding, is entitled under section 1281.4 to a stay of those proceedings until arbitration is had in accordance with the order. (See *Marcus* v. *Superior Court, supra,* 75 Cal.App.3d at p. 209.)

## ATTORNEY FEES

Plaintiff contends it is entitled to attorney fees under Code of Civil Procedure section 1021.5,[6] a codification of the private attorney general doctrine. (*Press* v. *Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 317 [193 Cal.Rptr. 900, 667 P.2d 704].) Defendant disagrees, arguing that the present action does not meet any of the statutory requirements for an attorney fee award. The decision as to whether an award of attorney fees is warranted under section 1021.5 rests initially with the trial court. (*Baggett* v. *Gates* (1982) 32 Cal.3d 128, 142 [185 Cal.Rptr. 232, 649 P.2d 874]; *Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 925-926, 933, 938, 940-941, 942 [154 Cal.Rptr. 503, 593 P.2d 200].) Inasmuch as

---

[5]Code of Civil Procedure section 1281.4 provides in pertinent part: "If a court of competent jurisdiction, whether in this State or not, has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies."

[6]Section 1021.5 provides: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. With respect to actions involving public entities, this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor."

Since plaintiff's action did not seek any monetary recovery, factor (c) of Code of Civil Procedure section 1021.5 is not applicable. (See *Baggett* v. *Gates* (1982) 32 Cal.3d 128, 142, fn. 16 [185 Cal.Rptr. 232, 649 P.2d 874].)

the trial court denied plaintiff's petition, it had no occasion to make that determination.

In *Wilkerson* v. *City of Placentia* (1981) 118 Cal.App.3d 435 [173 Cal.Rptr. 294], the court concluded that under such circumstances it is not proper procedure to remand the matter of attorney fees to the trial court for consideration. Said the court: "This is the procedure followed in *Woodland Hills Residents Assn., Inc.* v. *City Council, supra,* 23 Cal.3d 917. There, the Supreme Court reversed a trial court's denial of fees and remanded based on the intervening enactment of Code of Civil Procedure section 1021.5. Here, we have the case where the trial court never got to the issue because of its decision on the merits. It appears to us that where the entire basis for the decision in this regard is what we have done in this opinion, we should make the decision that it qualifies as a case for granting of [attorney] fees." (*Wilkerson* v. *City of Placentia, supra,* 118 Cal.App.3d at p. 445.) Such rationale is unsound. In *Woodland Hills Residents Assn., Inc.* v. *City Council, supra,* 23 Cal.3d 917, the Supreme Court repeatedly stated that entitlement to attorney fees under section 1021.5 is an issue to be determined initially by the trial court: "Although defendants seek to escape a remand in this case by suggesting that the present record conclusively demonstrates that plaintiffs' action does not qualify for an attorney fee award under the new statute, we have concluded that in light of the parties' conflicting characterization of the effect of the underlying litigation the trial court should appropriately evaluate the attorney fee question pursuant to section 1021.5 in the first instance" (*Woodland Hills, supra,* 23 Cal.3d at pp. 925-926); "the trial court should determine the propriety of attorney fees under section 1021.5 after a hearing which properly focuses on the criteria established by that statute." (*Id.,* at p. 933; see also pp. 938, 940-941, 942.) Usurpation of the trial court's function by the *Wilkerson* court cannot be justified by the fact that there the trial court did not reach the question of attorney fees because it rendered judgment against the plaintiff, whereas in *Woodland Hills* the trial court did not reach the question because section 1021.5 was not then in existence. As stated in *Brennan* v. *Board of Supervisors* (1984) 153 Cal.App.3d 193, 197 [173 Cal.Rptr. 294]: "We are further instructed by *Woodland Hills Residents Assn., Inc.* v. *City Council, supra,* (which must reasonably be deemed the leading case on the instant issue), that reviewing courts are *not* 'in a position to decide the question [of propriety of attorney fees] in the first instance,' and that the trial court is best fitted to determine whether 'an attorney fee award is appropriate in order to assure the effectuation of an important public policy.' (23 Cal.3d at pp. 941, 942.)" (Original italics.) If the trial court, regardless of the reason, had no occasion to make the initial decision regarding the propriety of an award of attorney fees under section 1021.5, the appellate court should

not undertake that task, but should remand the matter to the trial court for determination of the question after giving both parties an opportunity to present evidence in support of their conflicting contentions as to the applicability of the statute.

On remand the trial court, following a hearing, must determine plaintiff's claim of attorney fees based on the court's evaluation of whether plaintiff's action (1) served to vindicate an important public right, (2) conferred a significant benefit on the general public or a large class of persons, and (3) imposed a financial burden on plaintiff which was out of proportion to its individual stake in the matter. (See Code Civ. Proc., § 1021.5; *Baggett* v. *Gates, supra,* 32 Cal.3d 128, 142; *Woodland Hills Residents Assn., Inc.* v. *City Council, supra,* 23 Cal.3d at pp. 935-942.) If the court finds that an award of attorney fees is warranted, it should determine the amount of fees to which plaintiff is entitled on appeal as well as in the trial court. (*Lucchesi* v. *City of San Jose* (1980) 104 Cal.App.3d 323, 336 [163 Cal.Rptr. 700]; *Gunn* v. *Employment Development Dept.* (1979) 94 Cal.App.3d 658, 666 [156 Cal.Rptr. 584].)

## DISPOSITION

The order denying plaintiff's petition to compel arbitration is reversed with directions to the trial court to enter an order directing defendant to cooperate in resolving Officer Quan's grievance pursuant to the procedure, including arbitration, outlined in the memorandum of understanding. The trial court is further directed to determine plaintiff's claim for attorney fees under Code of Civil Procedure section 1021.5 and, if attorney fees are found proper, to fix the amount of such fees both at the trial and the appellate level.

Thompson, J., and Johnson, J., concurred.