[No. B023694. Second Dist., Div. Two. Dec. 8, 1988.]

LOS ANGELES POLICE PROTECTIVE LEAGUE, Plaintiff and Appellant, v.
CITY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Marr & Marchant, Cecil Marr and Diane Marchant for Plaintiff and Appellant.

James K. Hahn, City Attorney, Frederick N. Merkin, Senior Assistant City Attorney, and Molly Roff-Sheridan, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

GATES, J.—Los Angeles Police Protective League appeals from the denial of its petition to compel respondent City of Los Angeles (the City) to arbitrate a grievance based upon a claim of unfairness in a civil service promotional evaluation. Appellant contends: "I. An agreement existed to arbitrate the dispute. II. Grounds did not exist for revocation of the agreement. III. Affirmation of an agreement to arbitrate is warranted by public policy considerations."

Officer Bernardino Herrera of the Los Angeles Police Department took a civil service examination in connection with his candidacy for promotion to the position of detective. The examination consisted of a written test and an interview. The day after the interview, Officer Herrera submitted a protest pursuant to civil service regulations[1] in which he objected to having been asked during the interview whether he was a recovering alcoholic.

---

[1] Board of Civil Service Commissioners' rules provide: "The two working days immediately following a candidate's interview, physical abilities test, or performance test shall be designated as a review period during which the candidate may submit a protest against the conduct of his/her test or the competency of the raters. . . . [¶] Protests received during this review period shall be reviewed by staff. Any disagreements with staff's analysis of these protests may be appealed to the Commission. . . ." (City of L.A. Civil Service Com. Rules, § 4.22.)

Officer Herrera's protest was denied. He then filed a grievance, purportedly under the provisions of the parties' memorandum of understanding, seeking to overturn the civil service commission's refusal to grant him a new oral interview.[2] Officer Herrera processed the grievance through the last stage prior to binding arbitration. At every level it was rejected on the ground it was not a proper matter for the grievance process.

Officer Herrera and appellant then attempted to bring the matter to arbitration. When the police department refused to participate in the selection of an arbitrator, appellant filed in superior court a petition to compel arbitration. The court heard the matter on documentary evidence, and denied the petition. This appeal followed.[3]

■ Appellant's first contention is without merit. The City's employee relations ordinance requires that a grievance procedure be incorporated into any memorandum of understanding and provides that such procedure shall apply to "Any dispute concerning the interpretation or application of a written memorandum of understanding or of departmental rules and regulations governing personnel practices or working conditions." (L.A. City Admin. Code, div. 4, ch. 8, §§ 4.801, 4.865.)

Officer Herrera's dispute does not concern interpretation or application of either the memorandum of understanding or the rules and regulations of his department, but rather civil service examination procedures, which are controlled exclusively by the civil service commission. (L.A. City Charter, art. IX, §§ 100-126.)

The memorandum of understanding expressly excludes from its grievance procedure "matters for which an administrative remedy is provided before the Civil Service Commission . . . ." (Memorandum of Understanding, art. 11, § B, par. 1.) Since the present dispute is of this variety, it falls outside the scope of the parties' agreement to arbitrate.

The police department's rules (1) require it to "help in the selection process by accurately rating and evaluating employees and candidates for promotion and by advancing the most qualified," (2) make it "serious, unethical misconduct" for department employees selected as examination

---

[2] Although in his "Grievance Initiation" form, which we attach hereto, Officer Herrera made a subsidiary request "that the alcohol related complaints in my personnel package be removed," so far as revealed by our record this potential issue was not explored further. It certainly was not urged in this judicial proceeding which dealt solely with the functioning of the civil service commission.

[3] We do not regard this appeal as mooted even though we are advised that Officer Herrera has, in fact, been promoted.

board members for promotional interview to fail to adhere to the principles and objectives outlined in the job interview handbook for examination board members, and (3) require the department to make reasonable affirmative action efforts, including outreach recruitment for civil service promotion.

Officer Herrera did not base his grievance upon a violation of these rules, although the first and second might arguably have been a basis for disciplining the police employees who had participated in his interview, had this been the objective of his grievance, rather than his actual goal of overruling the commission itself. However, as is shown in the attachment hereto, he expressly noted that both the articles of the applicable memorandum of understanding and the departmental work rules were "N/A," i.e., not applicable.

Since they may be distinguished, we need not decide how we would have resolved the issues tendered in *Los Angeles Police Protective League* v. *City of Los Angeles* (1985) 163 Cal.App.3d 1141 [209 Cal.Rptr. 890], and *United Firefighters* v. *City of Los Angeles* (1984) 153 Cal.App.3d 383 [200 Cal.Rptr. 233], had they come before us. Those cases involved disputes arising from the application of departmental disciplinary rules with the limited administrative remedy being a review by a departmental board of rights. (L.A. City Charter, arts. X, § 135, XIX, § 202.)

Having rejected appellant's first contention, we need not reach its second.

■ Appellant correctly asserts that arbitration is a favored means of resolving labor disputes. There is, however, no public policy favoring arbitration of disputes which the parties have not agreed to arbitrate. Moreover, the goal of civil service, to provide for an independent system of employment selection and promotion based upon uniformly applied standards of merit and fitness (*Almassy* v. *L.A. County Civil Service Com.* (1949) 34 Cal.2d 387, 404 [210 P.2d 503]), also represents a desirable public policy.

■ The order denying appellant's petition to compel arbitration is affirmed.

Roth, P. J., and Compton, J., concurred.

APPENDIX

ın 162
ɔˇ LOS ANGELES

GRIEVANCE INITIATION

File No. _____

Association/Union _____

Unit _____

For management use only

INSTRUCTIONS

˷ete form and distribute in accordance with prescribed departmental procedures.

| ˷nt's Name (Please Print) BERNARDINO HERRERA | Class Title Policeman II | |
|---|---|---|
| ˷Bureau and Division Police/OHB/DHD | Section Admin. Info. Unit | Business Phone 485-3261 |
| ˷as grievance been discussed with your Immediate Supervisor? NO | Date of discussion | |
| ˷e of Immediate Supervisor R. Lentine | Title Detective III | |

˷ˋ the action or situation about which you have a grievance? (Be specific as to names, dates and locations.)

On 7-31-85 I was given a Detective I Oral conducted by Lt. Hale, Lt. Kurth and Mr. Hernandez. On 8-1-85 I filed a written protest regarding the conduct of Lt. Hale. On 3-14-85 I received a letter from the Personnel Department stating my protest had been denied. The basis for my complaint was that Lt. Hale asked me if I was a recovering alcoholic. I feel that the question was unfair and in violation of the Rehabilitation Act of 1973. I believe that Lt. Hale presumed that I am an alcoholic and that he planted that seed in the minds of the other two oral board members, thus resulting in a low oral score.
(see Page two)

˷ do you think should be done about it?

I feel that I was unjustly treated during the Oral Interview and request a new Oral. The fact that Lt. Hale formed the opinion that I was an alcoholic could only have been deduced from my package. Therefore, I request that the alcohol related complaints in my personnel package be removed. It stands to reason that if Lt. Hale formed that false opinion of a presumed handicap that the next oral board could do the same.

˷ ˷as Supervisor's response?

˷˷ article of applicable Memorandum of Understanding (MOU) and/or Departmental Work Rules do you think have been violated?

| ˷le of MOU | Departmental Work Rule | Date of Grievable Incident |
|---|---|---|
| N/A | N/A | July 31, 1985 |

˷˷ other person, besides yourself, do you want notified of any hearings held or actions taken on this grievance?

Fred Tredy _____   Mailing Address _____ 600 E. 8th Street, Los Angeles

˷Her role in grievance _____ League Director

˷˷nt's Signature _____   Date _____

Received by: _____   **EXHIBIT F-1**   58

Immediate Supervisor's Signature _____   DATE _____

ATTACHMENT

GRIEVANCE INITIATION
Page Two
8.2.1


In order to be a recovering alcoholic you have to be an alcoholic
first.  Lt. Hale implied that I am an alcoholic, therefore,
displaying prejudice and discrimination on a presumed handicap.
I have never been accused of being an alcoholic, nor have I ever
been one.

EXHIBIT F-2                                                   59