Filed 4/29/15  Passerelle v. Palomar Community College Dist. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| PASSERELLE, LLC, | D065528 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2013-00052094-CU-BC-NC) |
| PALOMAR COMMUNITY COLLEGE DISTRICT, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Earl H. Maas, III, Judge.  Reversed in part, dismissed in part.

Allen Matkins Leck Gamble Mallory & Natsis, Valentine S. Hoy VIII and Charles L. Pernicka for Defendant and Appellant.

Kring & Chung, Scott M. Bonesteel and Robert P. Mougin for Plaintiff and Respondent.


A dispute arose between Palomar Community College District (the District) and Passerelle, LLC (Passerelle) concerning the construction by the District of certain infrastructure improvements on land purchased by the District from

Passerelle. Passerelle sued the District for allegedly failing to complete all of the promised improvements. The District appeals orders denying its motion to compel arbitration, staying arbitration pending the outcome of this appeal, and denying relief from stay.

We reverse the order denying the District's motion to compel arbitration. This renders moot the District's appeal of the orders staying arbitration pending the outcome of the appeal and denying relief from stay. Accordingly, we dismiss the appeal of these orders as moot. (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 ["An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief."].)

FACTUAL AND PROCEDURAL BACKGROUND

In June 2005, the parties executed the "Option Agreement & Joint Escrow Instructions" (the Option Agreement) whereby the District purchased an option from Passerelle to acquire some of Passerelle's land (the Property) to expand its facilities. The Option Agreement provided that Passerelle would complete "Grading/Infrastructure improvements" described therein if certain trigger conditions occurred. If these conditions did not occur, then the District would complete the Grading/Infrastructure improvements. The Option Agreement required the arbitration "of any dispute or controversy concerning this Agreement or the rights of the parties hereunder, including whether the dispute or controversy is arbitrable."

2

In September 2005, the parties amended the Option Agreement. In June 2007, the parties entered into another amendment of the Amended Option Agreement, the Second Amendment. In the Second Amendment, the parties referred to the first amendment together with the Option Agreement as the Amended Agreement. For ease of reference, we will refer to the first amendment together with the Option Agreement as the Amended Option Agreement.

The parties entered into the Second Amendment because Passerelle did not complete the "Grading/Infrastructure improvements" described in the Option Agreement. The Second Amendment modified certain terms of the Amended Option Agreement, including removing an attached exhibit and replacing it with two new exhibits, the "Improvement Agreement" and the "Easement Agreement." Otherwise, the Amended Option Agreement remained in full force and effect, including the provision in the Option Agreement requiring the arbitration of all disputes.

A dispute arose between the parties regarding work done by the District on the Property, including construction, grading, excavation and installation of water lines and roads. In June 2013, Passerelle sued the District alleging claims for negligence, breach of contract, breach of express warranty, breach of implied warranty, and fraud. The District moved to compel arbitration and stay the action, but the trial court denied the motion without prejudice and granted Passerelle leave to file an amended complaint.

Passerelle filed a first amended complaint alleging the same five causes of action, but eliminating the allegation that the District breached the Amended Option

3

Agreement, focusing instead on an alleged breach of the Improvement Agreement, which was an exhibit to the Amended Option Agreement. The District again moved to compel arbitration. The trial court denied the motion, finding the allegations of the amended complaint did not fall within the provisions of the Option Agreement and rather sought damages under the provisions of the Improvement Agreement. The District appealed from this order. Thereafter, the trial court granted Passerelle's application for an order staying arbitration. The District then sought relief from the stay, which the trial court denied.

## DISCUSSION

### I. *General Legal Principles*

California has a detailed statutory scheme governing arbitration through which our Legislature has expressed a "'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.'" (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.) There is no public policy favoring arbitration of disputes which the parties have not agreed to arbitrate. (*Los Angeles Police Protective League v. City of Los Angeles* (1988) 206 Cal.App.3d 511, 514.) Rather, the right to arbitration depends upon contract and a petition to compel arbitration is simply a suit in equity seeking specific performance of that contract. (*Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 479.)

Because private arbitration is a matter of agreement between the parties, it is governed by contract law. (*Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 313.) "The fundamental goal of contractual interpretation is to give effect to the

4

mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.)" (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264.) When there is no conflicting extrinsic evidence, we review a trial court's determination on the issue of whether an arbitration agreement applies to a particular controversy de novo. (*Fitz v. NCR Corp.* (2004) 118 Cal.App.4th 702, 711 (*Fitz*).)

Parties "can agree to arbitrate almost any dispute—even a dispute over whether the underlying dispute is subject to arbitration." (*Bruni v. Didion* (2008) 160 Cal.App.4th 1272, 1286.) "Unless a claim of arbitrability is wholly groundless, the court should stay proceedings pending the arbitrator's determination of his or her own jurisdiction. [Citation] This necessarily requires the courts to examine and, to a limited extent, construe the underlying agreement." (*Dream Theater, Inc. v. Dream Theater* (2004) 124 Cal.App.4th 547, 553 (*Dream Theater*).)

## II. *Analysis*

The Option Agreement requires the arbitration "of any dispute or controversy concerning this Agreement or the rights of the parties hereunder, including whether the dispute or controversy is arbitrable." The District argues the dispute concerns the Option Agreement and the rights of the parties under the Option Agreement. Accordingly, the District contends the trial court erred when it denied the motion to compel arbitration because the District's assertion that the dispute is arbitrable is not wholly groundless, making the question of arbitrability for the arbitrator to decide. We agree.

5

As we shall explain, the Second Amendment modified the Amended Option Agreement, incorporated the Improvement Agreement into the Amended Option Agreement and made the Improvement Agreement an exhibit to the Amended Option Agreement. The Amended Option Agreement contains a promise by the District to "immediately commence, and diligently pursue to completion" all of the provisions of the Improvement Agreement. This action concerns those improvements. Accordingly, a breach of the Improvement Agreement may amount to a breach of the Amended Option Agreement, making the alleged breach of the Improvement Agreement subject to the arbitration provision in the Option Agreement, which remained in full force and effect despite the subsequent amendments. Accordingly, the District's claim that the instant dispute is arbitrable is not wholly groundless.

Preliminarily, the parties dispute the standard of review. The question presented is essentially one of contract interpretation, which is subject to de novo review. (*Fitz*, *supra*, 118 Cal.App.4th at p. 711.) Passerelle submitted extrinsic evidence, a declaration from Bruce Tabb, Passerelle's manager and the party who executed the Improvement Agreement on behalf of Passerelle, stating the parties never discussed whether the Improvement Agreement would be subject to arbitration. This declaration, however, is not controverted. The existence of this declaration does not change the standard of review. (*Brookwood v. Bank of America* (1996) 45 Cal.App.4th 1667, 1670 ["Whether an arbitration agreement applies to a controversy is a question of law to which the appellate court applies its independent judgment

6

where no conflicting extrinsic evidence in aid of interpretation was introduced in the trial court."].)

Here, we must determine whether the District's claim of arbitrability is wholly groundless. To do so, we examine the allegations contained in Passerelle's first amended complaint to ascertain whether the Option Agreement, the contract containing the arbitration clause, is relevant to a breach of the Improvement Agreement as alleged in Passerelle's operative complaint. If the Option Agreement is relevant to an alleged breach of the Improvement Agreement, then the District's claim of arbitrability is not wholly groundless and the motion to compel arbitration must be granted and the litigation stayed to allow the arbitrator to determine arbitrability.

We acknowledge Passerelle's argument that the trial court found Passerelle's operative complaint sought relief under the Improvement Agreement, which does not include an arbitration clause and does not expressly incorporate the arbitration clause from the earlier Option Agreement. In our de novo review, however, we note the parties' first amendment to the Option Agreement created the Amended Option Agreement. The Second Amendment, in turn, modified the Amended Option Agreement.

The Second Amendment provided that the Amended Option Agreement remained in full force and effect, which necessarily included the provision in the Option Agreement requiring the arbitration "of any dispute or controversy concerning this Agreement or the rights of the parties hereunder, including whether

7

the dispute or controversy is arbitrable."  The Second Amendment also made the Improvement Agreement an exhibit to the Amended Option Agreement.  Thus, the Second Amendment incorporated the Improvement Agreement into the Amended Option Agreement.

The Second Amendment also provided that all references to Grading/Infrastructure in the Amended Option Agreement "are replaced with and superseded by the provisions of the Improvement Agreement."  Making this substitution, the Amended Option Agreement contains a promise by the District to "immediately commence, and diligently pursue to completion" all of the provisions of the Improvement Agreement.  Moreover, the Improvement Agreement recited that "[t]he District purchased the District Property in accordance with the Option Agreement . . . pursuant to which the District agreed to complete the improvements . . . ."  Thus, the Improvement Agreement acknowledges that the District agreed to make the improvements under the Option Agreement.  Accordingly, a breach of the Improvement Agreement may amount to a breach of the Amended Option Agreement, making the alleged breach of the Improvement Agreement subject to the arbitration provision in the Option Agreement as a matter concerning the rights of the parties under the Amended Option Agreement.

Notably, in its operative complaint, Passerelle alleged the District breached the Improvement Agreement by failing to timely complete all infrastructure improvements.  This allegation amounts to a breach of the District's promise in the Option Agreement, as amended by the parties, to "diligently pursue to completion"

8

all of the provisions of the Improvement Agreement. Thus, the alleged breach of the Improvement Agreement concerns the rights of the parties under the Option Agreement. Accordingly, the District's claim of arbitrability is not wholly groundless and the trial court should not have decided the threshold issue of the arbitrability of Passerelle's claims. Rather, the trial court should have granted the motion to compel arbitration and stayed the litigation pending the arbitrator's decision on the ultimate question of his or her own jurisdiction over the claims alleged in Passerelle's operative complaint. (*Dream Theater*, *supra*, 124 Cal.App.4th at p. 553.)

Passerelle asserts the District's argument is wholly groundless because it disregards a provision in the Improvement Agreement indicating the Improvement Agreement was to be interpreted as an agreement that "supersedes all negotiations, stipulations, understandings, agreements, representations and warranties" regarding the subject matter of the Improvement Agreement. We reject this argument as it ignores that the parties made the Improvement Agreement an attachment to the Amended Option Agreement and expressly incorporated the Improvement Agreement into the Amended Option Agreement. Thus, all of the agreements must be considered together. (Civ. Code, § 1642; *Versaci v. Superior Court* (2005) 127 Cal.App.4th 805, 814 ["'It is a familiar rule . . . that where several papers covering the same subject matter are executed by . . . the same parties . . . , all are to be considered together, and with the same effect as if all had been incorporated in one document.'"].)

9

DISPOSITION

The order denying the District's motion to compel arbitration is reversed. We dismiss as moot the District's appeal of the orders staying arbitration pending the outcome of the appeal and denying relief from stay. The matter is remanded to the trial court to enter an order staying this action pending the arbitrator's determination of his or her own jurisdiction. Appellant is entitled to its costs on appeal.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.