Filed 4/20/16  In re K.N. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re K.N., a Person Coming Under the Juvenile Court Law. | B264242 |
| | (Los Angeles County Super. Ct. No. DK09397) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent. | |
| v. | |
| MICHAEL S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Connie R. Quinones, Judge.  Affirmed and remanded with directions.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, and Julia Roberson, Assistant County Counsel for Plaintiff and Respondent.

Appellant Michael S. (father), the presumed father of K.N. (born Nov. 2014), appeals from the juvenile court's findings and orders establishing jurisdiction over K.N. and removing him from father's custody. Father's sole contention on appeal is that the order must be reversed for failure to comply with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA). The Los Angeles Department of Children and Family Services (the Department) concedes that the matter should be remanded to the juvenile court for compliance with ICWA.

We remand the matter to the juvenile court to allow compliance with the ICWA notice requirements, and otherwise affirm the juvenile court's jurisdictional findings and dispositional orders.

## BACKGROUND

On February 3, 2015, the Department filed a petition under Welfare and Institutions Code section 300[1] on behalf of K.N. alleging that father had a criminal history involving domestic violence, that father and K.N.'s mother[2] had a history of engaging in violent altercations, and that father had choked mother on two prior occasions. The petition further alleged that father had a history of illicit drug use and was a current user of Phencyclidine, rendering him incapable of providing regular care and supervision of K.N., and that father had been under the influence of drugs while K.N. was in his care.

The Department's detention report stated that ICWA did not apply, and an ICWA-010 form attached to the petition stated that K.N. had no known Indian ancestry. At the February 3, 2015 detention hearing, father and mother submitted ICWA-020 forms indicating they did not have Indian ancestry. During the hearing, the juvenile court asked both parents on the record about their Indian ancestry. Mother denied any Indian heritage, but father responded, "I have ancestry; I am just not registered." The juvenile court then found that ICWA did not apply and ordered K.N. detained from both parents.

---

[1]     All further statutory references are to the Welfare and Institutions Code.

[2]     Mother is not a party to this appeal.

On February 26, 2015, the juvenile court sustained an amended petition and set the matter for a contested dispositional hearing to be held on April 7, 2015. At the April 7, 2015 dispositional hearing, the juvenile court sustained a subsequent section 342 petition filed on March 11, 2015,[3] ordered K.N. removed from his parents' custody, and accorded both parents monitored visitation.

This appeal followed.

## DISCUSSION

ICWA accords Indian tribes the right to intervene at any point in a state court dependency proceeding involving an Indian child. (*In re Karla C.* (2003) 113 Cal.App.4th 166, 173-174.) To ensure the tribe will be afforded the opportunity to intervene and assert its rights in the action, the statute requires that notice be given to the appropriate tribe in any dependency proceeding involving an Indian child.[4]

In California, section 224.2 governs ICWA notice in dependency proceedings. Subdivision (a) of that statute provides in relevant part: "If the court, a social worker, or probation officer knows or has reason to know that an Indian child is involved, any notice

---

[3]     The section 342 petition, filed on behalf of K.N. and his older non-detained half-siblings, alleged that father had physically abused the half-siblings by striking them with belts and with his hands and that on a prior occasion father had choked one of the older half-siblings.

[4]     The ICWA notice provision states: "In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or the Secretary: *Provided*, That the parent or Indian custodian or the tribe shall, upon request, be granted up to twenty additional days to prepare for such proceeding." (25 U.S.C. § 1912(a).)

sent in an Indian child custody proceeding under this code shall . . . comply with all of the following requirements: [¶] (1) Notice shall be sent by registered or certified mail with return receipt requested. Additional notice by first-class mail is recommended, but not required. [¶] (2) Notice to the tribe shall be to the tribal chairperson, unless the tribe has designated another agent for service. [¶] (3) Notice shall be sent to all tribes of which the child may be a member or eligible for membership, until the court makes a determination as to which tribe is the child's tribe in accordance with subdivision (d) of Section 224.1, after which notice need only be sent to the tribe determined to be the Indian child's tribe."

California law also imposes an "affirmative and continuing duty" on the court and the Department "to inquire whether a child for whom a petition . . . is to be, or has been, filed is or may be an Indian child in all dependency proceedings." (§ 224.3, subd. (a).) Subdivision (c) of section 224.3 sets forth the steps to be taken when making further inquiry regarding a child's Indian status:

> "If the court, social worker, or probation officer knows or has reason to know that an Indian child is involved, the social worker or probation officer is required to make further inquiry regarding the possible Indian status of the child, and to do so as soon as practicable, by interviewing the parents, Indian custodian, and extended family members to gather the information required in paragraph (5) of subdivision (a) of Section 224.2, contacting the Bureau of Indian Affairs and the State Department of Social Services for assistance in identifying the names and contact information of the tribes in which the child may be a member or eligible for membership in and contacting the tribes and any other person that reasonably can be expected to have information regarding the child's membership status or eligibility."[5]

---

[5] The statutory inquiry requirements are implemented by rule 5.481(a) of the California Rules of Court. Subdivision (a)(4)(A) of rule 5.481 provides that inquiry regarding a child's Indian heritage shall include "[i]nterviewing the parents, Indian custodian, and 'extended family members' as defined in 25 United States Code section 1901 and 1903(2), to gather the information listed in Welfare and Institutions Code section 224.2(a)(5) . . . which is required to complete the *Notice of Child Custody Proceeding for Indian Child* (form ICWA-030)."

Father contends, and the Department concedes, that the inquiry and notice requirements of ICWA were not met in this case and that the juvenile court erred by holding the adjudication and dispositional hearings without ensuring compliance with those requirements. Failure to comply with the inquiry and notice requirements of ICWA does not require reversal of the juvenile court's dispositional order. (*In re Brooke C.* (2005) 127 Cal.App.4th 377, 384-385 (*Brook C.*).) As we noted in *Brooke C.*, "the only order which would be subject to reversal for failure to give notice would be an order terminating parental rights" (*id.* at p. 385), and such an order is not at issue in these proceedings.

Father cites *Nicole K. v. Superior Court* (2007) 146 Cal.App.4th 779, in which the Third Appellate District disagreed with our holding in *Brooke C.*, as support for the argument that failure to provide ICWA notice was prejudicial error requiring reversal of the juvenile court's order. We are not bound by *Nicole K.*, and we disagree with the court's decision in that case. (*Los Angeles Police Protective League v. City of Los Angeles* (1985) 163 Cal.App.3d 1141, 1147.) Moreover, as father himself points out, a majority of courts have followed the approach taken in *Brooke C.* rather than the one adopted by the court in *Nicole K.* (*In re Kadence P.* (2015) 241 Cal.App.4th 1376, 1388-1389; *In re Christian P.* (2012) 208 Cal.App.4th 437, 452-453; *In re Damian C.* (2009) 178 Cal.App.4th 192, 199-200; *In re Veronica G.* (2007) 157 Cal.App.4th 179, 187-188; *In re Jonathon S.* (2005) 129 Cal.App.4th 334, 340.) We see no reason to depart from that approach in this case.

## DISPOSITION

The matter is remanded to the juvenile court for compliance with ICWA and applicable related California law. If, after proper inquiry and notice, a tribe claims that K.N. is an Indian child, or if other information is presented to the juvenile court that suggests K.N. is an Indian child, the juvenile court is ordered to conduct a new hearing in conformity with the provisions of ICWA relating to child custody proceedings involving Indian children, and K.N., the tribe, and father may petition the juvenile court to

5

invalidate any orders that violate ICWA.  In all other respects, the juvenile court's jurisdictional findings and dispositional orders are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ


We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST